**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> M.A.W CONSULTING, INC., TRAVELERS PROPERTY CASULATY COMPANY OF AMERICA, DELTA MECHANICAL CONTRACTORS, LLC, ENGINEERING DESIGN SERVICES PROFESSIONAL CORPORATION, JMB MECHANICAL, INC., TRANE U.S., INC., AND KOREL CONTROLS, INC. <br><br> Defendants. | C.A. NO.: 19-cv-144 <br><br> Electronically Filed |

**COMPLAINT**

**INTRODUCTORY STATEMENT**

This is a Declaratory Judgment action brought pursuant to 28 U.S.C. sec. 1332 in which the Plaintiff, Atain Specialty Insurance Company ("Atain"), seeks a declaration that it is not obligated to defend and/or indemnify its insured, M.A.W. Consulting, Inc. ("M.A.W."), nor any other party, with respect to a Rhode Island Superior Court property damage lawsuit brought by Travelers Property Casualty Company of America against Delta Mechanical Contractors, LLC ("Delta") and Engineering Design Services Professional Corporation, in which Delta has asserted third party claims against M.A.W. and other parties. Atain asserts that the applicable Commercial General Liability Policy expressly excludes coverage for property damage based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the rendering or failure to render any professional service by an engineer. Furthermore, the policy does not cover indemnification agreements as an 'insured contract' and

1

thus no coverage is afforded for any contractual indemnification claims. The State Court action and Third Party Complaint assert claims of professional negligence against M.A.W arising from its professional engineering activities, and, as the policy does not cover professional negligence, neither defense nor indemnification is afforded for the claims against M.A.W.

**PARTIES**

1. The Plaintiff, Atain Specialty Insurance Company ("Atain"), is a Michigan Corporation with its usual place of business at 30833 Northwestern Highway, Farmington Hills, Michigan.

2. The Defendant M.A.W. Consulting, Inc. ("M.A.W.") is a Massachusetts corporation with a usual place of business at 20 East Street, Hanover, Plymouth County, Commonwealth of Massachusetts.

3. The Defendant Travelers Property Casualty Company of America ("Travelers") is an insurance company organized under the laws of the State of Connecticut, with a usual place of business at One Tower Square, Hartford, Connecticut.

4. The Defendant Delta Mechanical Contractors, LLC ("Delta") is a Delaware business corporation with a usual place of business at 44 Wilclar Street, Warwick, Rhode Island.

5. The Defendant Engineering Design Services Professional Corporation ("EDS") is a Rhode Island professional corporation with a usual place of business at 31 Promenade Street, Providence, Rhode Island.

6. The Defendant JMB Mechanical, Inc. is a Rhode Island corporation with a usual place of business at 1008 Plainfield Street, Johnston, Rhode Island and whose registered agent is Frank S. Lombardi, Esquire, 225 Broadway, Providence, Rhode Island.

7. The Defendant Trane U.S., Inc., d/b/a Trane is a Delaware corporation with a usual place of business at 800-E Beaty Street, Davidson, North Carolina and whose registered agent is Corporation Service Company, 222 Jefferson Boulevard, Suite 200, Warwick, Rhode Island.

8. The Defendant Korel Controls, Inc. is a Rhode Island corporation with a usual place of business at One Harry Street, Cranston, Rhode Island and whose registered agent is Orson and Brusine, Ltd., 144 Wayland Avenue, Providence, Rhode Island.

## JURISDICTION AND VENUE

9. Jurisdiction is proper pursuant to 28 U.S.C. sec. 1332, in this Court because the Plaintiff and the Defendants are of citizens of different states and the amount in controversy, exclusive of costs and interests, exceeds the sum of $75,000.00.

10. Venue is properly laid in this judicial district because the events giving rise to the claims set forth in this Complaint occurred in this district, Plaintiff's insured conducts business in the district and the relevant acts and omissions as alleged occurred in this district.

## FACTS

11. Atain issued a Commercial General Liability policy for the period of April 13, 2012 through April 13, 2013, for claims made within the respective policy period, to the Defendant M.A.W.

12. The Common Policy Declarations provide that the business description is "ENGINEER." The declarations further provide that the "Professional Liability Coverage Part" is "NOT COVERED."

13. The policy contains a Contractual Liability Limitation which states:

**CONTRACTUAL LIABILITY LIMITATION**

\*   \*   \*   \*   \*   \*   \*   \*   \*

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART**

The Definition of "insured contract" in the DEFINITIONS Section is replaced by the following:

"Insured contract" means:

a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

    b. A sidetrack agreement;

    c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

    d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

    e. An elevator maintenance agreement.

14. The policy contains a Malpractice and Professional Services exclusion which states:

    **VI.    EXCLUSION (Malpractice and Professional Services)**

    The following exclusion is added to Part **2. Exclusions of SECTION I – COVERAGES, COVERAGE A BODILY INSURY AND PROPERTY DAMAGE LIABILITY** and Part **2. Exclusions of COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY of the COMMERCIAL GENERAL LIABILITY FORM:**

    This insurance does not apply to:

    "Bodily injury", "property damage" or "personal and advertising injury" including payment for loss or defense costs in connection with any claim made against any insured based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the rendering or failure to render any professional service by, but not limited to any Accountant, Architect, Engineer, Insurance Agent or Broker, Lawyer, Medical Professional or Real Estate Agent Broker, or any other service that is of a professional nature.

15. The Defendant Travelers has filed a property damage subrogation action in the Providence Superior captioned *Travelers Property Cas. Co. of America v. Delta Mechanical Contractors, LLC, et. al.,* Civil Action No.: 2018-7795 ("State Court action") asserting negligence claims against Delta and EDS arising from the installation of HVAC units at Providence Community Health Centers.

16. Travelers alleges that Delta and EDS failed to address issues raised in a commissioning report prepared by M.A.W. with respect to deficiencies in the HVAC system.

17. Delta has filed a third party complaint in the State Court action against M.A.W. asserting claims for contractual indemnification (Count XIII); breach of contract (Count XIV (sic)); contribution (Count XV (sic)); and equitable indemnity (Count XVI (sic)).

18. Specifically, Delta alleges in the third party complaint that MAW failed "to conduct the commissioning of the rooftop units per the plans and specifications, specifically the specifications for HVAC and General Commissioning Requirements, as MAW, among other failures, failed to understand the freeze avoidance feature, gave confusing set point instructions, failed to clarify its instructions when presented with Delta's response to its instructions and failed to mention the requirement for an interlock of the roof top units and exhaust fans in unoccupied mode."

19. In connection with the State Court action, Atain is providing the Defendant M.A.W. with a defense, under a reservation of rights.

20. Pursuant to the Malpractice and Professional Services exclusion the policy excludes coverage for property damage based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the rendering or failure to render any professional service by an engineer.

21. The third party claims set forth against M.A.W. are premised solely on M.A.W.'s professional services as an engineer and are thus excluded by the policy.

22. Pursuant to the Contractual Liability Limitation, the definition of an "insured contract" does not include an indemnification agreement.

23. The third party claims premised on an enforceable indemnification agreement between Delta and M.A.W. are not covered by the policy as the policy does not provide coverage for liability arising out of indemnification agreements.

24. Accordingly, Atain seeks a declaration from this Court that the policy excludes coverage for the third party claims, or any other claims that could be set forth in the State Court action, as such coverage arising from or related to the Defendant M.A.W.'s professional engineering services is excluded under the policy and thus Atain owes neither a defense nor indemnity to the Defendants.  Atain further seeks a declaration from this Court that the policy does not cover claims premised on an indemnification agreement as such agreements are not covered as insured contracts under the policy.

## COUNT I
*DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. SEC. 2201-02*

25. Atain incorporates herein the allegations of paragraphs 1-24.

26. Atain has presented an actual controversy within the jurisdiction of this court with respect to Atain's obligation to provide the Defendants with a defense and/or indemnity pursuant to the Commercial General Liability Policy Atain issued to M.A.W.

27. Atain seeks a Declaratory Judgment that coverage does not exist under the Commercial Liability Policy for the claims asserted against M.A.W. arising from or related to professional engineering services provided by M.A.W. at the Providence Community Health Center project and that Atain owes neither a defense nor indemnity to M.A.W. or to any other entity, arising out of the professional engineering services provided by M.A.W. at the Providence Community Health Center project.

28. Atain seeks a Declaratory Judgment that coverage does not exist under the Commercial Liability Policy for the indemnification claims asserted against M.A.W. arising from or related to professional engineering services provided by M.A.W. at the Providence Community Health Center as the policy does not define an indemnification agreement as an insured contract and thus Atain owes neither a defense nor indemnity to M.A.W. or to any other entity arising out of the indemnification contract.

**WHEREFORE**, Atain requests this Honorable Court to declare that coverage does not exist under the Atain policy for the claims made against M.A.W. Consulting, Inc., as set forth in *Travelers Property Cas. Co. of America v. Delta Mechanical Contractors, LLC, et. al.,* Civil Action No.: 2018-7795.  Atain further requests that this Honorable Court declare that Atain has neither a duty to defend nor a duty to indemnify M.A.W. Consulting, Inc. or any other entity for the claims made against M.A.W. Consulting, Inc., as set forth in *Travelers Property Cas. Co. of America v. Delta Mechanical Contractors, LLC, et. al.,* Civil Action No.: 2018-7795.

        Respectfully Submitted,
        Atain Specialty Insurance Company
        By Its Attorneys,

        /s/ Matthew W. Perkins_____
        Matthew W. Perkins, No. 6097
        Lecomte, Emanuelson and Doyle
        Batterymarch Park II, One Pine Hill Drive
        Suite 105, Quincy, MA 02169
        (617) 328-1900
        mperkins@lecomtelaw.com

Dated: March 22, 2019